**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PEOPLES NATIONAL BANK, N.A., Plaintiff, v. C&A FUNDING, INC., et al. Defendant. | ) | No. 4:25-cv-01346-SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment. Doc. [11]. For the reasons set forth below, the motion is denied without prejudice. Plaintiff sufficiently alleges that it is entitled to a default judgment in some amount, but it must submit updated and additional documentation of its damages.

### FACTS AND BACKGROUND[1]

On or about April 16, 2019, Plaintiff Peoples National Bank, N.A. (PNB), executed a Loan Agreement with Defendant C&A Funding, Inc. (C&A), relating to a revolving credit loan to be made by PNB to C&A in the maximum principal amount of $2,000,000. Doc. [1] ¶¶ 1, 8. C&A executed a Revolving Credit Note (With Sweep), and promised, in its most recent Amended edition ("Amended Note"), to pay PNB the maximum principal amount of $9,000,000.00. *Id.* ¶¶ 13-15. C&A and PNB entered into a wide-ranging security agreement, granting PNB a "security interest in and lien on, all of Debtor's right, title and interest in, to and under any and all types or items of personal property, tangible or intangible, wherever located and whether now or hereafter existing or now owned and hereafter acquired or arising (collectively, the 'Collateral')." Doc. [1-4] at 1. The agreement goes on to list specific types of property included as collateral, including accounts, rental payments, "all inventory of Debtor, wherever located," all chattel paper, rights to payment, and allows the Secured Party "to take all action necessary or appropriate to cure any default or alleged default by Debtor under or in

---

[1] The Court takes all of Plaintiff's allegations to be true, except for those relating to damages. *See Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001).

respect of such premium finance agreements and (G) to do any and all things whatsoever which Debtor is or may become entitled to do under" such agreements. *Id.*

On or about April 16, MACS USA Insurance, Inc. ("MACS") and Al J. Kash ("Kash") each entered into Guaranty agreements whereby each guarantied the prompt and punctual payments of all obligations of C&A to PNB. Doc. [1] ¶¶ 19, 21. Kash signed MACS's guaranty as its president, Doc. [1-5] at 7, and the Kash signed his own guaranty as an individual, Doc. [1-6] at 6. The guaranties each contain language wherein the guarantor:

> "absolutely and unconditionally guarantees to Lender the prompt and complete payment . . . of any and all present and future indebtedness . . . liabilities and obligations . . . of Borrower to Lender of every kind and character, now existing or hereafter arising, absolute or contingent, joint or several or joint and several, secured or unsecured, due or not due, direct or indirect, expressed or implied in law, contractual or tortious, liquidated or unliquidated, at law or in equity, or otherwise and whether heretofore, now or hereafter incurred or given by Borrower as principal, surety, endorser, guarantor, or otherwise, and whether created direct or acquired by Lender by assignment or otherwise."

Doc. [1-5] at 1, [1-6] at 1. The guaranties further provide that the Guarantor "shall and agrees to be liable to the Lender for all costs and expenses incurred by Lender in attempting or effecting collection under this Guaranty . . . including, without limitation, reasonable attorney's fees and expenses." *Id.*

Plaintiff filed this action on September 9, 2025, bringing claims for Breach of Amended Note against C&A, Breach of MACS Guaranty against MACS, and Breach of Kash Guaranty against Kash, Doc. [1] at 7-11. The record reflects that C&A and MACS were served on September 12, 2025, and that Kash was served on September 30, 2025. Doc. [5], Doc. [6], Doc. [7]. All Defendants failed to file an answer or other responsive pleading within the time required by Federal Rule of Civil Procedure 12. Plaintiff moved for clerk's entry of default, Doc. [8], which was granted on October 28, 2025. Doc. [9]. On November 11, 2025, Plaintiff filed its Motion for Default Judgment, Doc. [11]. No Defendant has appeared or filed a response.

The Loan Agreement requires C&A to provide PNB with a Borrowing Base Certificate within 15 days following the end of each fiscal month, and to immediately repay loans in an amount "sufficient to reduce the principal balance of the loan to the amount permitted under the Borrowing Base." Doc. [1] ¶¶ 23, 25. Plaintiff alleges that C&A defaulted when it failed to "deliver a Borrowing Base Certificate for the month ended July 31, 2025, on or before August 15, 2025," and when it failed to "immediately repay the loans in an amount required to reduce

the aggregate principal amount of all loans outstanding under the Amended Note to the amount of the Borrowing Base." *Id.* ¶¶ 24, 26. The Loan Agreement requires C&A to pay "without limitation . . . reasonable attorney's fees." Doc. [1-1] at 17. The Loan Agreement references both guaranties, and the transfer of substantially all of the property or assets of any obligor, including guarantor, is a breach under the Loan Agreement. Doc. [1-1] at 4, 5, 15.

On or about August 1, 2025, MACS defaulted under the Loan Agreement when it sold substantially all its assets. Doc. [1] ¶¶ 27-28. C&A also defaulted when it failed to deposit all refund payments and payments from premiums it financed into its account with PNB. *Id.* ¶ 29. Plaintiff alleges, on information and belief, that C&A funded MACS or other insurance agencies, owned or controlled by Kash, with financing for premiums to purchase insurance policies for customers, but it did not ensure that insurance carriers were paid for the policies. *Id.* ¶ 31. MACS failed to ensure that unearned premiums were paid back to PNB. *Id.* ¶ 32. Due to these issues and others, C&A defaulted under the Loan Agreement when it failed to inform PNB of the material adverse change in the condition of C&A and MACS. *Id.* ¶ 33. Accordingly, MACS and Kash each defaulted under the terms of their guaranties because C&A defaulted under the terms of the Loan Agreement. *Id.* ¶ 34. PNB sent a default notice to C&A, MACS, and Kash on August 27, 2025, and on September 1, 2025, C&A defaulted again under the Loan Agreement when it failed to pay interest due on September 1, 2025. *Id.* ¶¶ 35, 37. C&A's default also represented additional defaults by MACS and Kash under their respective guaranties. *Id.* ¶ 38. On September 3, 2025, PNB sent an acceleration and demand notice to C&A, MACS, and Kash, accelerating the obligations due under the Amended Note and demanding immediate payment of all obligations. *Id.* ¶ 39. In the Complaint, Plaintiff asserts that Defendants have not made full payment of the outstanding balance under the Amended Note. *Id.* ¶ 41.

Plaintiff alleges that it is entitled to the unpaid principal balance on the Amended Note as of September 3, 2025, which was $2,089,972.33, plus interest accruing at the contract rate thereafter. *Id.* ¶ 58. In its memorandum in support, Plaintiff alleges that "PNB has continued to collect on its outstanding Collateral, which has reduced the outstanding balance" to $1,522,870.28 as of November 4, 2025. Doc. [11-1] at 6. Interest allegedly continues to accrue at a rate of 10% per annum, which is $412.46 per diem. *Id.* Plaintiff also alleges that it continues to collect on its collateral and that "[a]ll recoveries from and after October 31, 2025,

will continue to be credited to the principal obligation." *Id.* Further, Plaintiff asks for its costs of collection, including $27,463.00 of attorneys' fees and $6,009.06 in expenses. *Id.* at 10.

## LEGAL STANDARD

Whether to grant a default judgment falls within the discretion of the Court. *Weitz Co. v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Under Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After the Clerk has entered default against the defendant, the facts alleged in the plaintiff's complaint are generally taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). But allegations relating to damages must be "proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El-Batrawi,* 524 F.3d 907, 916-17 (8th Cir. 2008). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Where "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record," however, "the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *In re Consol. Pretrial Procs. in Air W. Sec. Litig.*, 436 F. Supp. 1281, 1286 n.6 (N.D. Cal. 1977)).

Before the Court may enter a default judgment awarding a plaintiff its requested relief, it must find that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray*, 595 F.3d at 871 (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. § 2683 (3d ed. 1998)). The Court must "satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim." *Skylight Imaging Ltd., LLC v. Practecol, LLC,* 2020 WL 4043045, at *3 (E.D. Mo. July 17, 2020) (citation omitted).

## DISCUSSION

Plaintiff claims it is entitled to a default judgment in the amount of $1,522,870.28, plus $27,463.00 in attorneys' fees and expenses, following C&A's breach of the Amended Note and MACS's and Kash's breaches of their guaranties. Doc. [11-1] at 6, 10.

## I. <u>**The Court is satisfied that Plaintiff is entitled to judgment.**</u>

Plaintiff has sufficiently alleged that it is entitled to relief on its claims of breach against all three Defendants. "The elements for breach of a promissory note are: (1) the existence of a valid promissory note signed by the maker; (2) a balance due on the note; and (3) a demand on the maker for payment which has been refused, leaving the maker in default." *U.S. Bank Nat'l Ass'n v. Epperson*, 2020 WL 1676364 (W.D. Mo. April 6, 2020) (quoting *Smithville 168, LLC v. Citizens Bank & Tr. Co.*, 2013 WL 434020 (W.D. Mo. Feb. 5, 2013) (citing *Bus. Bank of St. Louis v. Appolo Invs., Inc.*, 366 S.W.3d 76, 80 (Mo. Ct. App. 2012)).

"To recover for a Breach of Guaranty in Missouri, a creditor must prove '(1) that the defendant executed the guaranty, (2) that the defendant unconditionally delivered the guaranty to the creditor, (3) that the creditor, in reliance on the guaranty, thereafter extended credit to the debtor, and (4) that there is currently due and owing some sum of money from the debtor to the creditor that the guaranty purports to cover.'" *BMO Harris Bank, N.A. v. Unity Transport, LLC*, 2021 WL 5514003, (W.D. Mo. Oct. 19, 2021) (quoting *ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993) (superseded by rule on other grounds)).

Plaintiff alleges that Defendant C&A breached the Amended Note by failing to provide a Borrowing Base Certificate and failing to pay PNB. Doc. [11-1] at 4-6. The Amended Note is a valid promissory note signed by Al Kash, the President of C&A. Doc. [1-2] at 6. C&A has not appeared to contest the validity of the note. Plaintiff alleges that C&A failed to repay PNB twice, and that neither MACS nor Kash have paid the remaining balance due on the note; it therefore sufficiently alleges that there is an outstanding balance due on the Amended Note. Doc. [1] ¶¶ 56, 70, 84. Plaintiff also sufficiently alleges that it has demanded repayment of the note but that its demand has been ignored. Docs. [1-7], [1-8]. Defendants have not responded to Plaintiff's allegations.

Plaintiff has also sufficiently alleged that Defendants MACS and Kash breached their guaranties. MACS and Kash executed their guaranties when Kash signed the agreements in his individual capacity and as the President of MACS. Docs. [1-5] at 6, [1-6] at 5. By the plain terms of the guaranties, MACS and Kash "absolutely and unconditionally guarantee[d] . . . prompt and complete payment . . . of any and all present and future indebtedness . . . of Borrower to Lender." Docs. [1-5] at 1, [1-6] at 1. The guaranties also provide that the guarantors are liable for costs and expenses relating to collection and bankruptcy or insolvency proceedings,

including reasonable attorneys' fees and expenses. *Id.* Plaintiff appears to have relied on the guarantees when it extended the credit to C&A because the Loan Agreement references both guaranties, and it defines a guarantor selling substantially all of its assets as a default under the Loan Agreement. Doc. [1-1] at 15 ¶ 4.10. Plaintiff alleges, unchallenged, that both guarantors failed to make due under the guaranties when C&A defaulted on the Amended Note. Doc. [1] ¶¶ 62, 64, 76, 78; Doc. [1-5] at 1; Doc. [1-6] at 1.

## II. <u>The Court is unable to compute damages on the current record.</u>

Because Plaintiff alleges that it continues to collect collateral, the Court cannot ascertain from the existing record what amount is outstanding under the Amended Note. *See* Doc. [11-1] at 10; *Everyday Learning Corp.,* 242 F.3d at 818; Fed. R. Civ. P. 55(b)(2)(B). Assuming the damages are amenable to computation on a written record, the Court does not yet find that an evidentiary hearing is necessary, but Plaintiff must supplement the record with sufficient information to enable the Court "to fix the amount [it] is lawfully entitled to recover and to give judgment accordingly." *Taylor*, 859 F.2d at 1333 (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [11], is **DENIED** without prejudice to refiling per the Court's instructions.

**IT IS FURTHER ORDERED** that, **<u>within 30 days of the date of this order</u>**, Plaintiff will file a new motion for default judgment containing an up-to-date accounting of its damages.

Dated this 16th day of September, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE